Keith P. Bartel, Esq. (Bar No. 83223)
Jeffrey R. Loew, Esq. (Bar No. 216808)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:    (650) 342-7685

Robert Rubin (Bar No. 85084)
Philip K. Hwang (Bar No. 185070)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, California 94105
Telephone:   (415) 543-9444
Facsimile:    (415) 543-0296

Attorneys for Plaintiff
Victoriano Lorenso Jeronimo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIANO LORENSO JERONIMO<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1-60, inclusive,<br><br>Defendants. | Case No. C04-03056 CRB (EMC)<br><br>**STIPULATION AND AGREEMENT AND [PROPOSED] ORDER OF COMPROMISE AND SETTLEMENT AND OF DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Victoriano Lorenso Jeronimo, his attorneys the Lawyers Committee for Civil Rights of the San Francisco Bay Area, and Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation, and Defendant the United States of America, by and through its undersigned counsel (collectively, the "Parties"), as follows:

1.      The Parties do hereby agree to settle, compromise, and dismiss each and every claim of any kind, asserted or not asserted, known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including but not limited to any

26175.00001\BGLIB1\1260966.2

1

1  and all claims related to the detention and deportation of Plaintiff, under the terms and conditions
2  set forth in this Stipulation and Agreement.

3      2.    The United States agrees to pay the sum of Forty-Five Thousand Dollars and no
4  cents ($45,000) to Plaintiff, which sum shall be in full settlement and satisfaction of any and all
5  claims, demands, rights, and causes of action – including but not limited to any claims of
6  negligence, violations of federal constitutional rights, violations of state constitutional or statutory
7  rights, false arrest and imprisonment, and intentional infliction of emotional distress – arising
8  from, and by reason of any and all known and unknown, foreseen and unforeseen damages, of
9  whatsoever kind and nature, including but not limited to personal injuries, property damage,
10 economic damages, emotional damages, and the consequences thereof, resulting, and to result
11 from the acts or omissions that gave rise to the above-captioned action and that are the subject
12 matter of this settlement – including but not limited to all acts or omissions related to the
13 detention and deportation of Plaintiff – for which Plaintiff or his heirs, executors, administrators,
14 or assigns, and each of them, now have or may hereafter acquire against the United States of
15 America, its agents, servants, and employees, or any federal Doe Defendant.

16     3.    The Plaintiff and his heirs, executors, administrators, and assigns hereby agree to
17 accept the sum of Forty Five Thousand Dollars and no cents ($45,000), in full and final
18 settlement and satisfaction of any and all claims, demands, rights, and causes of action –
19 including but not limited to claims of negligence, violations of federal constitutional rights,
20 violations of state constitutional or statutory rights, false arrest and imprisonment, and intentional
21 infliction of emotional distress – arising from, and by reason of any and all known and unknown,
22 foreseen and unforeseen damages, of whatsoever kind and nature, including but not limited to
23 personal injuries, property damage, economic damages, emotional damages, and the
24 consequences thereof, which they may have or hereafter acquire against the United States of
25 America, its agents, servants, and employees, or any federal Doe Defendant, on account of the
26 acts or omissions that gave rise to the above-captioned action and that are the subject of this
27 settlement – including but not limited to all acts or omissions related to the detention and
28 deportation of Plaintiff.

26175.00001\BGLIB1\1260966.2    2

4.     Plaintiff and his heirs, executors, administrators, and assigns hereby release and forever discharge the United States of America, its agents, servants, and employees, and any federal Doe Defendant from any and all claims, demands, rights, and causes of action of whatsoever kind and nature – including but not limited to claims of negligence, violations of federal constitutional rights, violations of state constitutional or statutory rights, false arrest and imprisonment, intentional infliction of emotional distress and assault and battery – arising from, and by reason of any and all known and unknown, foreseen and unforeseen damages, of whatsoever kind and nature, including but not limited to personal injuries, property damage, economic damages, emotional damages, and the consequences thereof, which they may have or hereafter acquire against the United States of America, its agents, servants, and employees, or any federal Doe Defendant, on account of the acts or omissions that gave rise to the above-captioned action and that are the subject of this settlement – including but not limited to all acts or omissions related to the detention and deportation of Plaintiff. Plaintiff and his heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees, and any federal Doe Defendant, from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or prosecution of claims relating to or arising from the acts or omissions that gave rise to the above-captioned action and that are the subject of this settlement – including but not limited to all acts or omissions related to the detention and deportation of Plaintiff – by Plaintiff or his heirs, executors, administrators, and assigns against any third party or against the United States, or any federal Doe Defendant.

5.     Plaintiff further acknowledges and agrees that upon the filing of this Stipulation and Agreement with the Court, the above-captioned action, and each and every claim alleged by him in this action against the United States, is hereby dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1).

6.     The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

26175.00001\BGLIB1\1260966.2                         3

1  Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his
2  attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and
3  all rights he may have pursuant to the provisions of that statute and any similar provision of
4  federal law.  In addition, Plaintiff understands that if the facts concerning his injury and the
5  liability of the United States, or its agents, servants, or employees, or any federal Doe Defendant
6  for damages pertaining thereto are found hereafter to be other than or different from the facts
7  now believed by him to be true, this Stipulation and Agreement shall be and remain effective
8  notwithstanding such material difference.

9      7.    The Parties acknowledge that neither this Stipulation and Agreement nor anything
10 contained herein shall constitute an admission of liability or fault on the part of the United States
11 of America, its agents, servants, or employees, or any federal Doe Defendant and it is specifically
12 denied that the United States, or its agents, servants, or employees, or any federal Doe Defendant
13 is liable to Plaintiff for any negligent or other wrongful conduct.  This Stipulation and Agreement
14 is entered into by the Parties for the purpose of compromising disputed claims under the Federal
15 Tort Claims Act and any possible claims against Doe Defendants under *Bivens v. Six Unknown*
16 *Named Agents of the Federal Bureau of Narcotics* (403 U.S. 388, 91 S. Ct. 1999 (1971)),
17 avoiding the expenses and risks of further litigation, and buying peace.

18     8.    The Parties further agree that the settlement amount of Forty-Five Thousand
19 Dollars and no cents ($45,000) represents the entire amount payable to Plaintiff and his heirs,
20 executors, administrators, assigns, and attorneys.   Plaintiff and his attorneys agree that neither
21 one of them make any claim for attorneys' fees or costs against the United States of America, its
22 agents, servants, or employees, or any federal Doe Defendant.

23     9.    It is also agreed, by and among the Parties, that the settlement amount of Forty-
24 Five Thousand Dollars and no cents ($45,000) shall be made to Plaintiff and will be mailed to the
25 Plaintiff's attorneys at the following address: Jeffrey Loew, Carr McClellan, 216 Park Road,
26 Burlingame, California 94010.

27
28
    26175.00001\BGLIB1\1260966.2                            4

10. It is also understood by and among the Parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

11. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

12. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims related and discharged by this agreement.

13. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff will indemnify and hold harmless the United States, its agents, servants, or employees, and any federal Doe Defendant from any liability they may incur from any government agency arising out of any failure by Plaintiff to pay any tax liability he might be responsible for from any government (foreign or domestic) agency.

14. Plaintiff and his attorneys have been informed that payment of the settlement amount will in all likelihood take one hundred and twenty days or more to process.

15. The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

16. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. The instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

Dated: 8/17/05

*Victoriano Lorenso Jeronimo*
Victoriano Lorenso Jeronimo
Plaintiff

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Robert Rubin
Philip K. Hwang

CARR, McCLELLAN, INGERSOLL, THOMPSON
& HORN
Professional Law Corporation
Jeffrey R. Loew

Dated: 8/17/05            By: *Jeffrey R. Loew*
                              Jeffrey R. Loew
                              Attorneys for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: _____       By: _____
                              Edward A. Olsen
                              Assistant United States Attorney
                              Attorneys for Defendants

26175.00001\BGLIB1\1260966.2                    6

17. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. The instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

Dated: 8/17/05

*Victoriano Lorenso Jeronimo*
Victoriano Lorenso Jeronimo
Plaintiff

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Robert Rubin
Philip K. Hwang

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
Jeffrey R. Loew

Dated: 8/17/05

By: *Jeffrey R. Loew*
Jeffrey R. Loew
Attorneys for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: 9/20/05

By: *Edward A. Olsen*
Edward A. Olsen
Assistant United States Attorney
Attorneys for Defendants

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED.

IT IS ORDERED THAT THE CLAIMS AGAINST THE UNITED STATES ARE HEREBY DISMISSED WITH PREJUDICE.

Dated: November 1, 2005

_____
Charles R. Breyer
United States District Court Judge